Justin E. Kerner
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
(856) 761-3400

Caryn Borg-Breen, Ph.D.
Madhundra Sivakumar
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Attorney for Plaintiff, Horizon*
*Therapeutics, LLC*

*Of Counsel for Plaintiff,*
*Horizon Therapeutics, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON THERAPEUTICS, LLC,<br><br>　　　　　　　*Plaintiff,*<br>　　v.<br><br>TARO PHARMACEUTICAL INDUSTRIES LTD. AND TARO PHARMACEUTICALS, U.S.A., INC.,<br><br>　　　　　　　*Defendants.* | Civil Action No.<br><br>**COMPLAINT** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Horizon Therapeutics, LLC ("Horizon" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants, Taro Pharmaceutical Industries Ltd. and Taro Pharmaceuticals U.S.A., Inc. (collectively, "Defendants"), hereby allege as follows:

## THE PARTIES

1.　　Horizon is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Horizon Way, Deerfield, IL 60015.

2.　　On information and belief, Defendant Taro Pharmaceutical Industries Ltd. ("Taro") is a corporation operating and existing under the laws of Israel, with a principal place of 14 Hakitor Street, Haifa Bay, 2624761, Israel.

3. On information and belief, Taro, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions.

4. On information and belief, Defendant Taro Pharmaceuticals U.S.A., Inc. ("Taro USA") is a corporation operating and existing under the laws of New York, having places of business at 3 Skyline Drive, Hawthorne, New York, 10532 and 1 Commerce Drive, Cranbury, New Jersey 08512.

5. On information and belief, Taro USA, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions and through the actions of its agents and subsidiaries.

6. On information and belief, Defendants participated and collaborated in the research and development, and the preparation and filing, of Abbreviated New Drug Application ("ANDA") No. 217262 ("Taro's ANDA") for glycerol phenylbutyrate oral liquid, 1.1 gm/ml ("Taro's Product"), continue to participate and collaborate in seeking U.S. Food and Drug Administration ("FDA") approval of that application, and intend to participate and collaborate in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including in the State of New Jersey, in the event the FDA approves Taro's ANDA.

7.     On information and belief, Taro USA is the United States agent for service for Taro in connection with the filing of Taro's ANDA with the FDA and subsequent FDA communications relating thereto.

8.     On information and belief, Taro and Taro USA are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products. On information and belief, the acts of Taro and Taro USA complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

## NATURE OF THE ACTION

9.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., arising from Defendants' filing of Taro's ANDA with the FDA seeking approval to market a generic version of Plaintiff's pharmaceutical product RAVICTI® (glycerol phenylbutyrate) oral liquid ("RAVICTI®") prior to the expiration of United States Patent Nos. 8,642,012 ("'012 patent"), 9,254,278 ("'278 Patent"), 9,326,966 ("'966 patent"), 9,561,197 ("'197 patent"), 9,962,359 ("'359 patent"), 9,999,608 ("'608 patent"), 10,045,958 ("'958 patent"), 10,045,959 ("'959 patent"), 10,183,002 ("'002 patent"), 10,183,003 ("'003 patent"), 10,183,004 ("'004 patent"), 10,183,005 ("'005 patent"), 10,183,006 ("'006 patent"), and 10,668,040 ("'040 patent") (collectively, "the patents-in-suit"), including any applicable exclusivities or extensions.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

11.     This Court has personal jurisdiction over Defendants by virtue of the fact, *inter alia*, on information and belief Defendants have committed, encouraged, aided, abetted and/or participated in the commission of a tortious act of patent infringement pursuant to 35 U.S.C.

- 3 -

§ 271(e)(2)(A) that has led and/or or will lead to foreseeable harm and injury to Horizon in the State of New Jersey and throughout the United States.

12.     This Court has personal jurisdiction over Defendants by first by virtue of the fact that, on information and belief, Defendants regularly do or solicit business in New Jersey, engage in other persistent courses of conduct in New Jersey, and/or derive substantial revenue from services or things used or consumed in New Jersey, including by selling their pharmaceutical products in New Jersey and, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Defendants conduct marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, Taro's ANDA if approved by the FDA, Defendants will sell, offer for sale, and distribute a generic version of RAVICTI® throughout the United States, including within this judicial district.

13.     Upon information and belief, if ANDA No. 217262 is approved, Taro's Product will, *inter alia*, be marketed and distributed by Defendants in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and/or used by patients in the State of New Jersey.

14.     This Court also has personal jurisdiction over Taro and Taro USA by virtue of the fact that each previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g.*: *Taro Pharmaceutical Industries, Ltd. v. Novitium Pharma, LLC*, No. 3:19-cv-01028 (D.N.J.); *Valeant Pharmaceuticals North America LLC v. Taro Pharmaceuticals USA, Inc.*, No. 3:18-cv-15060 (D.N.J.).

15.    Alternatively, assuming that the above facts do not establish personal jurisdiction over Taro, this Court may exercise jurisdiction over Taro pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Horizon's claims arise under federal law; (b) Taro is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Taro has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Taro satisfies due process.

16.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

17.    On February 4, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '012 patent entitled "Methods of Treatment Using Ammonia-Scavenging Drugs."  The '012 patent will expire no later than September 22, 2030.  At the time of its issue, the '012 patent was assigned to Hyperion Therapeutics, Inc., which later changed its name to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '012 patent with claims directed towards treating urea cycle disorder patients with glyceryl tri-[4-phenylbutyrate] based on the patient's plasma phenylacetic acid ("PAA") to urinary phenylacetyl glutamine ("PAGN") ratio. A true and correct copy of the '012 patent is attached hereto as Exhibit A.

18.    On February 9, 2016, the USPTO duly and legally issued the '278 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '278 patent will expire no later than March 9, 2032.  At the time of its issue, the '278 patent was assigned to Horizon Therapeutics, Inc., which later changed its name to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in

and to the '278 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '278 patent is attached hereto as Exhibit B.

19.     On May 3, 2016, the USPTO duly and legally issued the '966 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '966 patent will expire no later than March 9, 2032.  At the time of its issue, the '966 patent was assigned to Horizon Therapeutics, Inc., which later changed its name to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '966 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '966 patent is attached hereto as Exhibit C.

20.     On February 7, 2017, the USPTO duly and legally issued the '197 patent entitled "Methods of Therapeutic Monitoring of Phenylacetic Acid Prodrugs."  The '197 patent will expire no later than September 22, 2030.  At the time of its issue, the '197 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '197 patent with claims directed towards treating urea cycle disorder patients with glyceryl tri-[4-phenylbutyrate] based on the patient's plasma PAA to PAGN ratio.  A true and correct copy of the '197 patent is attached hereto as Exhibit D.

21.     On May 8, 2018, the USPTO duly and legally issued the '359 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '359 patent will expire no later than September 22, 2030.  At the time of its issue, the '359 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '359 patent with claims directed towards treating urea cycle disorder in a pediatric subject with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '359 patent is attached hereto as Exhibit E.

22.     On June 19, 2018, the USPTO duly and legally issued the '608 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs." The '608 patent will expire no later than September 22, 2030. At the time of its issue, the '608 patent was assigned to Horizon Therapeutics, LLC. Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '608 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate]. A true and correct copy of the '608 patent is attached hereto as Exhibit F.

23.     On August 14, 2018, the USPTO duly and legally issued the '958 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs." The '958 patent will expire no later than September 22, 2030. At the time of its issue, the '958 patent was assigned to Horizon Therapeutics, LLC. Horizon Therapeutics, LLC currently is the sole assignee and owner of all right, title and interest in and to the '958 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate]. A true and correct copy of the '958 patent is attached hereto as Exhibit G.

24.     On August 14, 2018, the USPTO duly and legally issued the '959 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs." The '959 patent will expire no later than September 22, 2030. At the time of its issue, the '959 patent was assigned to Horizon Therapeutics, LLC. Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '959 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate]. A true and correct copy of the '959 patent is attached hereto as Exhibit H.

25.     On January 22, 2019, the USPTO duly and legally issued the '002 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs." The '002 patent will expire

- 7 -

no later than September 22, 2030.  At the time of its issue, the '002 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '002 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '002 patent is attached hereto as Exhibit I.

26.     On January 22, 2019, the USPTO duly and legally issued the '003 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '003 patent will expire no later than September 22, 2030.  At the time of its issue, the '003 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '003 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '003 patent is attached hereto as Exhibit J.

27.     On January 22, 2019, the USPTO duly and legally issued the '004 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '004 patent will expire no later than September 22, 2030.  At the time of its issue, the '004 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '004 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '004 patent is attached hereto as Exhibit K.

28.     On January 22, 2019, the USPTO duly and legally issued the '005 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '005 patent will expire no later than September 22, 2030.  At the time of its issue, the '005 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all

legal right, title, and interest in and to the '005 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate]. A true and correct copy of the '005 patent is attached hereto as Exhibit L.

29.     On January 22, 2019, the USPTO duly and legally issued the '006 patent entitled "Methods of Therapeutic Monitoring of Nitrogen Scavenging Drugs."  The '006 patent will expire no later than September 22, 2030.  At the time of its issue, the '006 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '006 patent with claims directed towards treating urea cycle disorder with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '006 patent is attached hereto as Exhibit M.

30.     On June 2, 2020, the USPTO duly and legally issued the '040 patent entitled "Treatment of Urea Cycle Disorders in Neonates and Infants."  The '040 patent will expire no later than September 22, 2030.  At the time of its issue, the '040 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all legal right, title, and interest in and to the '040 patent with claims directed towards treating urea cycle disorder patients under 2 years of age with glyceryl tri-[4-phenylbutyrate].  A true and correct copy of the '040 patent is attached hereto as Exhibit N.

## RAVICTI®

31.     Horizon Therapeutics, LLC is the owner of FDA-approved New Drug Application No. 203284 ("the RAVICTI® NDA") for glycerol phenylbutyrate oral liquid 1.1gm/ml in the United States ("US"), which is sold by Horizon Therapeutics USA, Inc., in the US under the trademark RAVICTI®.

32. RAVICTI® is currently approved by the FDA for use as a nitrogen-binding agent for chronic management of patients with urea cycle disorders who cannot be managed by dietary protein restriction and/or amino acid supplementation alone.

33. Pursuant to 21 U.S.C. § 355, and attendant FDA regulations, the patents-in-suit are listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations ("the Orange Book") for the RAVICTI® NDA.

34. The patents-in-suit qualify for listing in the Orange Book in connection with NDA No. 203284 because they claim an approved use of RAVICTI®.

**CLAIMS FOR RELIEF – PATENT INFRINGEMENT**

35. By a letter dated June 7, 2022 ("Taro's Notice Letter"), Taro advised Horizon that ANDA No. 217262 was submitted to the FDA seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions. Taro's Notice Letter also advised Horizon that Taro's ANDA submission included certifications under 355(j)(2)(A)(vii)(IV) that certain claims of the patents-in-suit are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product.

36. On information and belief, Defendants submitted ANDA No. 217262 to the FDA under § 355(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product as a generic version of RAVICTI®.

37. On information and belief, ANDA No. 217262 seeks FDA approval of Taro's Product for use as a nitrogen-binding agent for chronic management of patients with urea cycle

disorders who cannot be managed by dietary protein restriction and/or amino acid supplementation alone.

38.　On information and belief, the conditions of use for which Defendants seek approval of Taro's Product in ANDA No. 217262 are the same as those set forth in the FDA-approved labeling for RAVICTI®.

39.　On information and belief, ANDA No. 217262 refers to and relies upon the RAVICTI® NDA and contains data that, according to Defendants, demonstrate the bioequivalence of Taro's Product and RAVICTI®.

40.　On information and belief, upon approval of ANDA No. 217262, Defendants will be involved, directly and/or indirectly, in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product.　On information and belief, Defendants intend, conditioned upon FDA approval of ANDA No. 217262, to market Taro's Product for the indication included in the approved label for RAVICTI®.　On information and belief, Defendants also intend for medical practitioners and/or physicians to prescribe, and for patients to use, Taro's Product in accordance with, and as directed by, Taro's proposed labeling for Taro's Product.

41.　Horizon is commencing this action within 45 days of receiving Taro's Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
### (Infringement of the '012 patent)

42.　Horizon incorporates each of the preceding paragraphs 1 to 41 as if fully set forth herein.

43.　By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including

New Jersey, prior to the expiration of the '012 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

44.      On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '012 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

45.      On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '012 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '012 patent.

46.      On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '012 patent.

47.      On information and belief, Defendants had actual and constructive notice of the '012 patent as of its issue date, and Defendants' infringement of the '012 patent is willful.

48.      Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '012 patent, or any later expiration of any exclusivity or extension of the '012 patent to which Plaintiff or the patent may become entitled.

49.      On information and belief, the detailed statement of the factual and legal bases that each of the '012 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

50. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

## COUNT II
### (Declaration of Infringement of the '012 patent)

51. Horizon incorporates each of the preceding paragraphs 1 to 50 as if fully set forth herein.

52. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53. There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

54. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '012 patent (including any applicable exclusivities or extensions), would infringe the '012 patent.

55. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '012 patent, including any applicable exclusivities or extensions.

56. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '012 patent, including any applicable exclusivities or extensions.

57. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '012 patent (including any applicable exclusivities or

extensions) by Defendants would constitute active inducement and/or contributory infringement of the '012 patent.

58. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

59. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT III**

**(Infringement of the '278 patent)**

60. Horizon incorporates each of the preceding paragraphs 1 to 59 as if fully set forth herein.

61. By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '278 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

62. On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '278 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

63. On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '278 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '278 patent.

64.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '278 patent.

65.    On information and belief, Defendants had actual and constructive notice of the '278 patent as of its issue date, and Defendants' infringement of the '278 patent is willful.

66.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '278 patent, or any later expiration of any exclusivity or extension of the '278 patent to which Plaintiff or the patent may become entitled.

67.    On information and belief, the detailed statement of the factual and legal bases that each of the '278 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

68.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT IV
### (Declaration of Infringement of the '278 patent)

69.    Horizon incorporates each of the preceding paragraphs 1 to 68 as if fully set forth herein.

70.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

71.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

72.     Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '278 patent (including any applicable exclusivities or extensions), would infringe the '278 patent.

73.     Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '278 patent, including any applicable exclusivities or extensions.

74.     Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '278 patent, including any applicable exclusivities or extensions.

75.     Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '278 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '278 patent.

76.     Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

77.     This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT V
### (Infringement of the '966 patent)

78.     Horizon incorporates each of the preceding paragraphs 1 to 77 as if fully set forth herein.

79.     By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '966 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

80.     On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '966 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

81.     On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '966 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '966 patent.

82.     On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '966 patent.

83.     On information and belief, Defendants had actual and constructive notice of the '966 patent as of its issue date, and Defendants' infringement of the '966 patent is willful.

84.     Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '966 patent, or any later expiration of any exclusivity or extension of the '966 patent to which Plaintiff or the patent may become entitled.

85.     On information and belief, the detailed statement of the factual and legal bases that each of the '966 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

86.     Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT VI
### (Declaration of Infringement of the '966 patent)

87.     Horizon incorporates each of the preceding paragraphs 1 to 86 as if fully set forth herein.

88.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

89.     There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

90.     Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '966 patent (including any applicable exclusivities or extensions), would infringe the '966 patent.

91.     Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '966 patent, including any applicable exclusivities or extensions.

92.     Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '966 patent, including any applicable exclusivities or extensions.

93.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '966 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '966 patent.

94.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

95.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VII
### (Infringement of the '197 patent)

96.    Horizon incorporates each of the preceding paragraphs 1 to 95 as if fully set forth herein.

97.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '197 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

98.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '197 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

99.    On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '197 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '197 patent.

100.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '197 patent.

101.    On information and belief, Defendants had actual and constructive notice of the '197 patent as of its issue date, and Defendants' infringement of the '197 patent is willful.

102.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '197 patent, or any later expiration of any exclusivity or extension of the '197 patent to which Plaintiff or the patent may become entitled.

103.    On information and belief, the detailed statement of the factual and legal bases that each of the '197 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

104.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT VIII
### (Declaration of Infringement of the '197 patent)

105.    Horizon incorporates each of the preceding paragraphs 1 to 104 as if fully set forth herein.

106. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

107. There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

108. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '197 patent (including any applicable exclusivities or extensions), would infringe the '197 patent.

109. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '197 patent, including any applicable exclusivities or extensions.

110. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '197 patent, including any applicable exclusivities or extensions.

111. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '197 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '197 patent.

112. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

113. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IX

### (Infringement of the '359 patent)

114.    Horizon incorporates each of the preceding paragraphs 1 to 113 as if fully set forth herein.

115.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '359 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

116.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '359 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

117.    On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '359 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '359 patent.

118.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '359 patent.

119.    On information and belief, Defendants had actual and constructive notice of the '359 patent as of its issue date, and Defendants' infringement of the '359 patent is willful.

120.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not

earlier than the expiration of the '359 patent, or any later expiration of any exclusivity or extension of the '359 patent to which Plaintiff or the patent may become entitled.

121.    On information and belief, the detailed statement of the factual and legal bases that each of the '359 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

122.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT X
### (Declaration of Infringement of the '359 patent)

123.    Horizon incorporates each of the preceding paragraphs 1 to 122 as if fully set forth herein.

124.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

125.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

126.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '359 patent (including any applicable exclusivities or extensions), would infringe the '359 patent.

127.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '359 patent, including any applicable exclusivities or extensions.

128.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '359 patent, including any applicable exclusivities or extensions.

129.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '359 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '359 patent.

130.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

131.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XI
### (Infringement of the '608 patent)

132.    Horizon incorporates each of the preceding paragraphs 1 to 131 as if fully set forth herein.

133.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '608 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

134.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of

the '608 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

135.    On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '608 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '608 patent.

136.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '608 patent.

137.    On information and belief, Defendants had actual and constructive notice of the '608 patent as of its issue date, and Defendants' infringement of the '608 patent is willful.

138.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '608 patent, or any later expiration of any exclusivity or extension of the '608 patent to which Plaintiff or the patent may become entitled.

139.    On information and belief, the detailed statement of the factual and legal bases that each of the '608 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

140.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XII

### (Declaration of Infringement of the '608 patent)

141.    Horizon incorporates each of the preceding paragraphs 1 to 140 as if fully set forth herein.

142.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

143.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

144.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '608 patent (including any applicable exclusivities or extensions), would infringe the '608 patent.

145.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '608 patent, including any applicable exclusivities or extensions.

146.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '608 patent, including any applicable exclusivities or extensions.

147.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '608 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '608 patent.

148. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

149. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XIII
### (Infringement of the '958 patent)

150. Horizon incorporates each of the preceding paragraphs 1 to 149 as if fully set forth herein.

151. By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '958 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

152. On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '958 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

153. On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '958 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '958 patent.

154.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '958 patent.

155.    On information and belief, Defendants had actual and constructive notice of the '958 patent as of its issue date, and Defendants' infringement of the '958 patent is willful.

156.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '958 patent, or any later expiration of any exclusivity or extension of the '958 patent to which Plaintiff or the patent may become entitled.

157.    On information and belief, the detailed statement of the factual and legal bases that each of the '958 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

158.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XIV
### (Declaration of Infringement of the '958 patent)

159.    Horizon incorporates each of the preceding paragraphs 1 to 158 as if fully set forth herein.

160.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

161.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

162. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '958 patent (including any applicable exclusivities or extensions), would infringe the '958 patent.

163. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '958 patent, including any applicable exclusivities or extensions.

164. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '958 patent, including any applicable exclusivities or extensions.

165. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '958 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '958 patent.

166. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

167. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XV
### (Infringement of the '959 patent)

168. Horizon incorporates each of the preceding paragraphs 1 to 167 as if fully set forth herein.

169.   By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '959 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

170.   On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '959 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

171.   On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '959 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '959 patent.

172.   On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '959 patent.

173.   On information and belief, Defendants had actual and constructive notice of the '959 patent as of its issue date, and Defendants' infringement of the '959 patent is willful.

174.   Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '959 patent, or any later expiration of any exclusivity or extension of the '959 patent to which Plaintiff or the patent may become entitled.

175. On information and belief, the detailed statement of the factual and legal bases that each of the '959 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

176. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

## COUNT XVI
### (Declaration of Infringement of the '959 patent)

177. Horizon incorporates each of the preceding paragraphs 1 to 176 as if fully set forth herein.

178. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

179. There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

180. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '959 patent (including any applicable exclusivities or extensions), would infringe the '959 patent.

181. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '959 patent, including any applicable exclusivities or extensions.

182. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '959 patent, including any applicable exclusivities or extensions.

183.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '959 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '959 patent.

184.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

185.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XVII
### (Infringement of the '002 patent)

186.    Horizon incorporates each of the preceding paragraphs 1 to 185 as if fully set forth herein.

187.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '002 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

188.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '002 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

189. On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '002 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '002 patent.

190. On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '002 patent.

191. On information and belief, Defendants had actual and constructive notice of the '002 patent as of its issue date, and Defendants' infringement of the '002 patent is willful.

192. Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '002 patent, or any later expiration of any exclusivity or extension of the '002 patent to which Plaintiff or the patent may become entitled.

193. On information and belief, the detailed statement of the factual and legal bases that each of the '002 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

194. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

## COUNT XVIII
### (Declaration of Infringement of the '002 patent)

195. Horizon incorporates each of the preceding paragraphs 1 to 194 as if fully set forth herein.

196. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

197. There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

198. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '002 patent (including any applicable exclusivities or extensions), would infringe the '002 patent.

199. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '002 patent, including any applicable exclusivities or extensions.

200. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '002 patent, including any applicable exclusivities or extensions.

201. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '002 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '002 patent.

202. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

203. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XIX

### (Infringement of the '003 patent)

204.    Horizon incorporates each of the preceding paragraphs 1 to 203 as if fully set forth herein.

205.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '003 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

206.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '003 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

207.    On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '003 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '003 patent.

208.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '003 patent.

209.    On information and belief, Defendants had actual and constructive notice of the '003 patent as of its issue date, and Defendants' infringement of the '003 patent is willful.

210.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not

earlier than the expiration of the '003 patent, or any later expiration of any exclusivity or extension of the '003 patent to which Plaintiff or the patent may become entitled.

211.    On information and belief, the detailed statement of the factual and legal bases that each of the '003 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

212.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XX
### (Declaration of Infringement of the '003 patent)

213.    Horizon incorporates each of the preceding paragraphs 1 to 212 as if fully set forth herein.

214.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

215.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

216.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '003 patent (including any applicable exclusivities or extensions), would infringe the '003 patent.

217.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '003 patent, including any applicable exclusivities or extensions.

218.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '003 patent, including any applicable exclusivities or extensions.

219.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '003 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '003 patent.

220.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

221.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XXI
### (Infringement of the '004 patent)

222.    Horizon incorporates each of the preceding paragraphs 1 to 221 as if fully set forth herein.

223.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '004 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

224.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of

the '004 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

225.   On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '004 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '004 patent.

226.   On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '004 patent.

227.   On information and belief, Defendants had actual and constructive notice of the '004 patent as of its issue date, and Defendants' infringement of the '004 patent is willful.

228.   Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '004 patent, or any later expiration of any exclusivity or extension of the '004 patent to which Plaintiff or the patent may become entitled.

229.   On information and belief, the detailed statement of the factual and legal bases that each of the '004 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

230.   Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XXII

### (Declaration of Infringement of the '004 patent)

231. Horizon incorporates each of the preceding paragraphs 1 to 230 as if fully set forth herein.

232. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

233. There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

234. Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '004 patent (including any applicable exclusivities or extensions), would infringe the '004 patent.

235. Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '004 patent, including any applicable exclusivities or extensions.

236. Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '004 patent, including any applicable exclusivities or extensions.

237. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '004 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '004 patent.

238.   Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

239.   This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XXIII
### (Infringement of the '005 patent)

240.   Horizon incorporates each of the preceding paragraphs 1 to 239 as if fully set forth herein.

241.   By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '005 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

242.   On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '005 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

243.   On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '005 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '005 patent.

244.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '005 patent.

245.    On information and belief, Defendants had actual and constructive notice of the '005 patent as of its issue date, and Defendants' infringement of the '005 patent is willful.

246.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '005 patent, or any later expiration of any exclusivity or extension of the '005 patent to which Plaintiff or the patent may become entitled.

247.    On information and belief, the detailed statement of the factual and legal bases that each of the '005 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

248.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XXIV
### (Declaration of Infringement of the '005 patent)

249.    Horizon incorporates each of the preceding paragraphs 1 to 248 as if fully set forth herein.

250.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

251.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

252.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '005 patent (including any applicable exclusivities or extensions), would infringe the '005 patent.

253.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '005 patent, including any applicable exclusivities or extensions.

254.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '005 patent, including any applicable exclusivities or extensions.

255.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '005 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '005 patent.

256.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

257.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT XXV
#### (Infringement of the '006 patent)

258.    Horizon incorporates each of the preceding paragraphs 1 to 257 as if fully set forth herein.

259.    By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '006 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

260.    On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '006 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

261.    On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '006 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '006 patent.

262.    On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '006 patent.

263.    On information and belief, Defendants had actual and constructive notice of the '006 patent as of its issue date, and Defendants' infringement of the '006 patent is willful.

264.    Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '006 patent, or any later expiration of any exclusivity or extension of the '006 patent to which Plaintiff or the patent may become entitled.

265.    On information and belief, the detailed statement of the factual and legal bases that each of the '006 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

266.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

## COUNT XXVI
### (Declaration of Infringement of the '006 patent)

267.    Horizon incorporates each of the preceding paragraphs 1 to 266 as if fully set forth herein.

268.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

269.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

270.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '006 patent (including any applicable exclusivities or extensions), would infringe the '006 patent.

271.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '006 patent, including any applicable exclusivities or extensions.

272.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '006 patent, including any applicable exclusivities or extensions.

273. Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '006 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '006 patent.

274. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

275. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT XXVII**
**(Infringement of the '040 patent)**

276. Horizon incorporates each of the preceding paragraphs 1 to 275 as if fully set forth herein.

277. By submitting ANDA No. 217262 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '040 patent (including any applicable exclusivities or extensions), Defendants committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

278. On information and belief, Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of the '040 patent, including any applicable exclusivities or extensions, will infringe under 35 U.S.C. § 271(a), (b) and/or (c).

279. On information and belief, the conditions of use for Taro's Product for which Defendants seek approval in Taro's ANDA fall within one or more of the claims of the '040 patent. On information and belief, if approved, use of Taro's Product in accordance with the proposed labeling submitted in Taro's ANDA would infringe one or more of the claims of the '040 patent.

280. On information and belief, upon approval of Taro's ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '040 patent.

281. On information and belief, Defendants had actual and constructive notice of the '040 patent as of its issue date, and Defendants' infringement of the '040 patent is willful.

282. Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order by this Court that the effective date of the approval of Taro's ANDA be a date that is not earlier than the expiration of the '040 patent, or any later expiration of any exclusivity or extension of the '040 patent to which Plaintiff or the patent may become entitled.

283. On information and belief, the detailed statement of the factual and legal bases that each of the '040 patent claims is invalid, unenforceable, and/or not infringed is devoid of an objective good faith basis in either the facts or the law. This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

284. Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Horizon has no adequate remedy at law.

## COUNT XXVIII
### (Declaration of Infringement of the '040 patent)

285. Horizon incorporates each of the preceding paragraphs 1 to 284 as if fully set forth herein.

286.    This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

287.    There currently exists an actual case or controversy such that the Court may enter Horizon's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

288.    Defendants' commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '040 patent (including any applicable exclusivities or extensions), would infringe the '040 patent.

289.    Defendants seek approval of Taro's ANDA, and to market Taro's Product, prior to the expiration of the '040 patent, including any applicable exclusivities or extensions.

290.    Defendants have made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, import, offer for sale, and/or sell Taro's Product prior to the expiration of the '040 patent, including any applicable exclusivities or extensions.

291.    Horizon is entitled to a declaratory judgment that the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States, including New Jersey, prior to the expiration of the '040 patent (including any applicable exclusivities or extensions) by Defendants would constitute active inducement and/or contributory infringement of the '040 patent.

292.    Horizon will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Horizon has no adequate remedy at law.

293.    This case is exceptional and Horizon is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Horizon respectfully requests the following relief:

A.    A judgment declaring that Defendants have infringed one or more claims of the patents-in-suit by submitting ANDA No. 217262 seeking FDA approval for the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States before the expiration of any of the patents-in-suit (including any applicable exclusivities or extensions) under 35 U.S.C. § 271(e)(2)(A);

B.    A declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that if Defendants, their officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and their successors and assigns, commercially manufacture, use, import, offer for sale, and/or sell Taro's Product throughout the United States, including New Jersey, prior to the expiration of any of the patents-in-suit (including any applicable exclusivities or extensions), it will constitute an act of infringement under 35 U.S.C. § 271(a), (b) and/or (c);

C.    A judgment pursuant to 35 U.S.C. § 271(e)(4) preliminarily and permanently enjoining Defendants, their officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and their successors and assigns, from engaging in the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Product throughout the United States prior to the expiration of any of the patents-in-suit, including any applicable exclusivities or extensions;

D.    A judgment awarding Horizon monetary relief together with interest if Defendants commercially manufacture, use, import, offer for sale, and/or sell Taro's Product throughout the

United States prior to the expiration of any of the patents-in-suit, including any applicable exclusivities or extensions;

      E.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 217262 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of any of the patents-in-suit, including any applicable exclusivities or extensions;

      F.      A declaration that this case is "exceptional" case under 35 U.S.C. § 285 and an award for attorney fees;

      G.      An award of costs and expenses in this action; and

      H.      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: July 20, 2022

*s/ Justin E. Kerner*
Justin E. Kerner
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
(856) 761-3400

*Attorney for Plaintiff, Horizon Therapeutics, LLC*

Caryn Borg-Breen, Ph.D.
(*pro hac vice* application forthcoming)
Madhundra Sivakumar
(*pro hac vice* application forthcoming)
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Of Counsel for Plaintiff, Horizon Therapeutics, LLC*

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the

subject of any other pending litigation in any court, administrative proceeding, or arbitration

proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action.


Respectfully submitted,


Date: July 20, 2022                              *s/ Justin E. Kerner*
                                                 Justin E. Kerner
                                                 BALLARD SPAHR LLP
                                                 700 East Gate Drive, Suite 330
                                                 Mount Laurel, NJ 08054-0015
                                                 (856) 761-3400

                                                 *Attorney for Plaintiff, Horizon Therapeutics, LLC*

                                                 Caryn Borg-Breen, Ph.D.
                                                 (*pro hac vice* application forthcoming)
                                                 Madhundra Sivakumar
                                                 (*pro hac vice* application forthcoming)
                                                 BALLARD SPAHR LLP
                                                 1735 Market St., 51st Floor
                                                 Philadelphia, PA 19103-7599
                                                 (215) 665-8500

                                                 *Of Counsel for Plaintiff, Horizon Therapeutics, LLC*

## <u>LOCAL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in

that Plaintiff seeks, *inter alia*, injunctive relief.


Respectfully submitted,


Date: July 20, 2022

<u>s/ Justin E. Kerner</u>
Justin E. Kerner
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
(856) 761-3400

*Attorney for Plaintiff, Horizon Therapeutics, LLC*

Caryn Borg-Breen, Ph.D.
(*pro hac vice* application forthcoming)
Madhundra Sivakumar
(*pro hac vice* application forthcoming)
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Of Counsel for Plaintiff, Horizon Therapeutics, LLC*